UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERNANDO GUTIERREZ, as Patient
Representative for Fourteen
Nursing Home Residents and G.B.,
D.B., B.C., C.C., A.C., D.C.,
M.D., M.G., T.G., B.H., M.H.,
G.H., K.K., V.M., G.T., D.T.,
and H.W.,

          Plaintiffs,

v.                          CASE NO.: 8:14-cv-2022-T-33TBM

ELIZABETH DUDEK, Secretary of
the Florida Agency for Health
Care Administration,

          Defendant.
_____/

## ORDER

This matter is before the Court pursuant to Defendant's Court-Ordered Brief on Subject Matter Jurisdiction (Doc. # 6), filed on August 22, 2014. Also before the Court is Plaintiffs' Court-Ordered Brief on Federal Question Jurisdiction (Doc. # 7), filed on August 25, 2014, in which Plaintiffs request an Order remanding this action to state court. As discussed below, the Court remands this action to state court pursuant to 28 U.S.C. § 1447(c), after finding that it lacks subject matter jurisdiction.

## I.   Factual Background and Procedural History

Plaintiffs are residents or representatives of residents of a nursing home located in St. Petersburg, Florida (Rehabilitation Center of St. Petersburg). (Doc. # 1-5 at ¶

1). The residents are Medicaid recipients, and their health care services are paid for by the Medicaid program. (<u>Id.</u>). Defendant, Elizabeth Dudek, the Secretary of the Florida Agency for Health Care Administration, conducted an investigation into Rehabilitation Center of St. Petersburg's conditions and made a determination that the residents were in "immediate jeopardy" such that the residents faced "harm, death, serious injury or impairment." (<u>Id.</u> at ¶ 8). Defendant currently plans to terminate Rehabilitation Center of St. Petersburg's provider agreement with Medicaid, cease making payments to Rehabilitation Center of St. Petersburg, and revoke Rehabilitation Center of St. Petersburg's operating license. (<u>Id.</u> at ¶ 1). These events will "force Plaintiffs to relocate to a different facility." (<u>Id.</u>).

Many of the Plaintiffs have "dementia, Alzheimer's Disease, schizophrenia, and severe physical and psychiatric health conditions." (<u>Id.</u> at ¶ 3). Plaintiffs suggest that if they "are forced to leave their current home, they will have great difficulty finding a place in any reasonable proximity to their current location that provides a comparable level of care. The resulting disruption to their daily life could cause dramatic declines in their health and well-being." (<u>Id.</u>).

On August 1, 2014, Plaintiffs filed an Emergency Motion for Temporary Injunction against Defendant in state court. On August 15, 2014, Plaintiff filed an Amended Emergency Motion for Temporary Injunction and Complaint for Declaratory Judgment. (Doc. # 1-5). Therein, Plaintiffs requested issuance of a temporary injunction "to prohibit [Defendant] from stopping Medicaid payments to Rehabilitation Center of St. Petersburg, and from transferring Plaintiffs to other facilities while their rights are being determined." (Id. at ¶ 19). Plaintiffs also indicated that they were in doubt concerning their rights to federal and state due process hearings including "a Medicaid 'Fair Hearing' to challenge any action by Defendant they believe is erroneous (42 CFR § 431.220(a)(2))" and "[s]tate regulations [which] require fair hearings when 'an action or failure to act would adversely affect the individual's or family's eligibility for an amount or type of medical assistance.' (Rule 65-2.042, Fla. Admin. Code)." (Id. at ¶ 1).

The parties participated in a hearing before the state court on August 15, 2014, and the state court granted the request for a temporary injunction in part. (Doc. # 1-8). In a written Order issued on August 19, 2014, the state court enjoined Defendant "from transferring or ordering the transfer of any of the Plaintiffs who are parties and the patients

3

represented by Plaintiff, Fernando Gutierrez." (Doc. # 3 at 3). On August 20, 2014, Defendant removed the action to this Court, predicating the Court's subject matter jurisdiction on the presentation of a federal question. (Doc. # 1). Upon the Court's review of Defendant's Notice of Removal and the attendant documents, the Court ordered further briefing from the parties regarding the Court's subject matter jurisdiction. (Doc. # 4). Both sides have furnished the Court with detailed submissions, and Plaintiffs have requested an Order of remand.

## II.  Legal Standard

A defendant may remove a case filed in state court to federal court if the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Uncertainties concerning the propriety of removal are resolved in favor of remand. Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In addition to bearing the burden of proving original jurisdiction, removing defendants are also faced with strict jurisdictional requirements. Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the constitution." <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 2005). Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

As stated in <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986), "the question of whether a claim arises under federal law must be determined by reference to the 'well-pleaded complaint.'" The Supreme Court has explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262, 1272 (2009) (internal citations omitted). The well-pleaded complaint rule makes the plaintiff the master of his own claim. <u>Burns</u>, 31 F.3d at 1096, n.6. Furthermore, the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." <u>Merrell Dow Pharm., Inc.</u>, 478 U.S. at 807.

III. **Analysis**

Defendant asserts that the Court has subject matter jurisdiction over this case because "Plaintiffs have clearly alleged that the bases for the relief they seek are the Medicaid fair hearing rights set forth in Part 431 of Title 42, Code of Federal Regulations." (Doc. # 6 at 3). The Court is not persuaded.  Here, Plaintiffs have filed a declaratory action under state law.  Plaintiffs seek a determination as to whether Defendant has complied with its obligations under state statutes and whether Plaintiffs are entitled to a "fair hearing" as Medicaid recipients.  The fact that Plaintiffs are Medicaid recipients, who possess certain rights and privileges, does not confer subject matter jurisdiction on this Court.

As noted by Plaintiffs, "Plaintiffs do not seek any money damages or any particular relief under federal law.  Rather, they are asking for declaratory relief under a state statute to provide them a determination as to what, if any, rights to due process and other statutory processes they may have as a result of a forced relocation of their home." (Doc. # 7 at 9). Plaintiffs' "mere reference to a federal statute under a state law claim does not create federal question jurisdiction." Business Alliance v. Storm Water Mgmt. Auth., 462 F. Supp. 2d 1186, 1189 (N.D. Ala. 2006). And, "the fact that part of the

state statutory scheme requires some analysis of federal law
[] is insufficient to invoke federal jurisdiction." Hill v.
Marston, 13 F.3d 1548, 1550 (11th Cir. 1994).

In determining that federal question subject matter
jurisdiction is absent in this case, the Court considers the
factually apposite case of Ayres v. Beaver, 48 F. Supp. 2d
1335 (M.D. Fla. 1999). There, nursing home residents sued the
owner of the nursing home in a state court action contending
that he breached fiduciary duties owed to such residents.
Id. at 1337. The nursing home owner removed the case to
federal court arguing, inter alia, that "Plaintiffs' claims
arise under the federal Medicare and Medicaid statutes." Id.
at 1338. The court remanded the action to state court
pursuant to the plaintiffs' motion to remand and explained:

> Congress has not, statutorily, provided any private
> federal right of action or remedy under the
> Medicare or Medicaid Acts. Even if the Medicare or
> Medicaid Acts created some substantive rights, the
> statutes contain numerous provisions short of
> judicial enforcement that are designed to redress
> the recipients' grievances. Congress did not
> intend to provide a private right of action under
> the Medicare or Medicaid Acts and the mere presence
> of a federal issue, in this case, will not
> automatically confer federal question jurisdiction.

Id. at 1339-40 (internal citations omitted).

After carefully reviewing the operative Complaint, the
Court determines that Plaintiffs have not raised a federal
issue for which federal jurisdiction can or should be invoked,

7

and neither party asserts that the Court has diversity jurisdiction. Even though the federal Medicaid regulatory scheme is discussed in the Complaint, as noted by the Court in Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006), "it takes more than a federal element to open the 'arising under' door." Plaintiffs are the masters of their complaint and have brought state law claims for declaratory relief under Chapter 86 of the Florida Statutes. This Court accordingly remands the action to state court. As stated by the Ayres court, "Medicaid is a joint federal-state program that provides medical assistance to qualified recipients. . . . The implementation of the medicaid program must be performed in accordance with federal enabling legislation and is the primary responsibility of the states that participate. . . . Florida statutes and administrative regulations define Plaintiffs' rights under the Florida Medicaid program." 48 F. Supp. 2d at 1340 (internal citations omitted). Thus, the Ayres court concluded, "state court is the proper court to hear this matter." Id.

"When there is any doubt concerning jurisdiction of a federal court on removal, the case should be remanded." Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A., 882 F. Supp. 1056, 1057 (S.D. Fla. 1994). Such a doubt concerning the Court's subject matter jurisdiction is present here, and

the Court accordingly remands the action to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this action to state court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

(2) After remand has been effected, the Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>26th</u> day of August, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record

9